**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | | |
|---|---|---|
| ERIC R. BRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01049-WCG |
| | ) | |
| SCHNEIDER NATIONAL INC., | ) | Judge William C. Griesbach |
| SCHNEIDER NATIONAL CARRIERS INC., | ) | |
| SCHNEIDER FINANCE INC., and DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY
CERTAIN DEADLINES OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME**

Defendants Schneider National Inc., Schneider National Carriers Inc., and Schneider Finance Inc. ("Defendants"), by counsel and pursuant to L. Civ. R. 7(h), respectfully request that this Court enter an Order staying briefing on, and consideration of, Plaintiffs' Motion to Conditionally Certify Collective Action ("MCCC") (ECF No. 44) until resolution of their pending Motion to Dismiss and, if necessary, of Defendants' anticipated motion to compel individual arbitrations as well. Alternatively, Defendants request that the Court extend their deadline to oppose the MCCC by 28 days, until January 8, 2021. In support, Defendants state as follows:

(1) On August 21, 2020, Defendants filed a Motion to Dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). (ECF No. 20.) That motion was fully briefed as of October 16, 2020. (ECF No. 35.) For the reasons set forth in Defendants' Motion, Plaintiffs have failed to state any claims upon which relief can be granted. Defendants can make themselves available for oral argument on this Motion as desired by the Court.

1

138626956_4

Case 1:20-cv-01049-WCG   Filed 12/10/20   Page 1 of 4   Document 50

(2) The Court has not yet ruled on Defendants' pending Motion to Dismiss. Yet, notwithstanding this unsettled status of Plaintiff's pleading, on November 20, 2020, he filed his MCCC, seeking to require notice of this action—a lawsuit that may not even survive the pleadings stage—be sent to all individuals whom he claims are similarly situated to him. (ECF No. 44.) Currently, Defendants' opposition to the MCCC is due this coming Friday, December 11, 2020.

(3) However, Plaintiff's MCCC will be moot if Defendants' Motion to Dismiss is granted. Moreover, even if the Court denies Defendants' Motion to Dismiss in whole or in part, the issue of compelling Plaintiff's and any opt-in plaintiffs' claims to individual arbitrations must first be adjudicated. As will be more fully explained in Defendants' anticipated motion to compel individual arbitrations (if the case remains pending following the Court's ruling on the currently pending Motion to Dismiss), the Owner-Operator Operating Agreements ("OOOAs") signed by Brant and the opt-in plaintiffs specifically provide that they each agreed to arbitrate all disputes "arising out of or relating to" the OOOAs, including "those arising out of or related to an Owner-Operator's actual or alleged contractual or other relationship with Carrier and the actual or alleged terms, conditions, benefits and/or termination of such relationship[.]" *See, e.g.*, ECF No. 20-3 at 44. In addition, Plaintiff and the opt-in plaintiffs waived the right to participate in any type of collective, class, or other consolidated action. *Id.* at 47.

(4) Because Plaintiff's and the opt-in plaintiffs' OOAAs specify that they must pursue their claims, if they can do so at all, in individual arbitrations, it is axiomatic that briefing and adjudication of the conditional certification issue raised in Plaintiff's MCCC before determining whether and where the case may proceed would be an inefficient and unproductive use of the parties' and the Court's resources. *Cf. Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their

2

138626956_4
Case 1:20-cv-01049-WCG    Filed 12/10/20    Page 2 of 4    Document 50

dockets so as to conserve scarce judicial resources"). Whether Plaintiff can state a claim at all is a determinative threshold issue. And, if he can, the question whether Plaintiff and the opt-in plaintiffs must resolve their claims in individual arbitrations rather than in court is a determinative threshold issue before reaching the issue of conditional certification raised by Plaintiff's MCCC.

(5) In other words, if the Court grants *either* Defendants' Motion to Dismiss or their anticipated motion to compel individual arbitrations, then no briefing, argument or adjudication on Plaintiffs' MCCC will be needed because that motion will be moot. If, on the other hand, the Court decides that Plaintiffs have stated non-arbitrable claims, it can then set a briefing schedule on Plaintiffs' MCCC at that time.

(6) Moreover, delaying adjudication of the conditional certification issue will not prejudice Plaintiffs because Schneider has willingly agreed to equitably toll the FLSA statute of limitations for all putative opt-ins until resolution of the threshold and potentially dispositive pleading and arbitration issues.

(7) Counsel for Defendants have conferred with counsel for Plaintiff on these issues, and represent that they have been unable to reach agreement.

Accordingly, Defendants request that the Court enter the attached Proposed Order providing that (1) to the extent the case remains pending following adjudication of Defendants' pending Motion to Dismiss (ECF No. 20), the Court set a briefing schedule for any motions concerning arbitration at that time; and (2) briefing on Plaintiff's MCCC (ECF No. 44) is stayed pending resolution of the Motion to Dismiss and as necessary, any arbitration motions. In the alternative, should the Court determine it is necessary to resolve Plaintiff's MCCC at this time, Defendants request that the Court extend their deadline to respond thereto until January 8, 2021. Dated this 10th day of December, 2020.

Date:  December 10, 2020        /s/ Joel H. Spitz
Joel H. Spitz
WI State Bar No. 1001301
Michael R. Phillips
IL State Bar No. 06225845
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Tel.: (312) 849-8011
Fax: (312) 849-3690
Email Addresses:  jspitz@mcguirewoods.com
                                  mphillips@mcguirewoods.com
*Attorneys for Defendants*

4

138626956_4
Case 1:20-cv-01049-WCG   Filed 12/10/20   Page 4 of 4   Document 50