UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC R. BRANT,

    Plaintiff,

  v.            Case No. 20-C-1049

SCHNEIDER NATIONAL INC., et al.,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

  Plaintiff Eric R. Brant brought this action against Defendants Schneider National, Inc., Schneider National Carriers, Inc., Schneider Finance, Inc., and Doe Defendants 1–10, seeking redress for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Truth in Leasing Act (TILA), 49 U.S.C. § 14704, and Wisconsin state law.  The Court previously granted Defendants' first motion to dismiss, finding that Brant failed to state a claim upon which relief may be granted.  Brant was given 30 days in which to file an amended complaint, and Brant filed an amended complaint on February 18, 2021, asserting the same claims as his original complaint.  This matter comes before the Court on Defendants' motion to dismiss the amended complaint.  For the following reasons, Defendants' motion will be granted.

  In the Court's previous decision, it dismissed all of Brant's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  First, the Court dismissed Brant's FLSA and Wisconsin state law wage claims because Brant was properly classified as an independent contractor, as he "had a considerable amount of control over his business and operations, had ample opportunity to control his profit and loss, was required to invest considerable sums into his

equipment and materials, and possessed a special skill requisite for performing the work." Dkt. No. 58 at 11. Next, the Court dismissed Brant's unjust enrichment claim because Brant had not alleged facts from which it could be inferred that the Owner-Operator Operating Agreement (OOOA) and the Lease were void or unenforceable and his unjust enrichment claim only challenged the subject matter within the scope of the OOOA and the Lease. *Id.* at 12. Finally, the Court dismissed Brant's TILA claim on the ground that he failed to allege a causal connection between Defendants' failure to provide certain information as required by TILA and his claim that he and other drivers were not paid enough. *Id.* at 14.

The instant motion to dismiss raises the same issues as Defendants' first motion to dismiss. Although the amended complaint contains new factual allegations, the additional allegations do not cure the inadequacies noted by the Court. Therefore, Brant's allegations fail to state a claim upon which relief can be granted for the same reasons set forth in the Court's decision and order granting Defendants' motion to dismiss.

Accordingly, Defendants' motion to dismiss Brant's First Amended Complaint (Dkt. No. 71) is **GRANTED**. Brant's motion to conditionally certify a collective action (Dkt. No. 44) is **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of May, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge