# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ERIC R. BRANT, THOMAS CAMPBELL, and BRIAN MINOR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01049-WCG |
| SCHNEIDER NATIONAL INC., SCHNEIDER NATIONAL CARRIERS INC., SCHNEIDER FINANCE INC., and DOE DEFENDANTS 1-10, | ) ) ) ) ) | Judge William C. Griesbach |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER ORDER DENYING FLSA COLLECTIVE ACTION OR, ALTERNATIVELY, TO CERTIFY AN INTERLOCUTORY APPEAL

# Table of Contents

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 2

I. Motions to Reconsider Are Extraordinary and Rarely Granted......................... 2

II. Treatment of a Proposed FLSA Collective Is a Factual Inquiry Committed to the Court's Discretion. ................................................................................................. 3

III. FLSA "Economic Realities" Collectives Almost Never Proceed to Trial. ......................... 4

IV. Consistent with the Seventh Circuit's Instruction, the Court Examined whether Economic Realities Could Be Shown on a Collective Basis. ............................................. 5

   A. The Court Properly Considered Exercise of Control. ....................................... 6

      1. The Court did not make merits determinations...................................... 8

      2. The Court properly addressed alleged control in the form of data collection. ....... 9

      3. The Court properly analyzed control over details of drivers' work..................... 10

   B. The Court Properly Considered that Investment and Spending Are Not Subject to Collective Proof. ......................................................................................... 13

   C. Evidence of Other Individualized Issues, Including Whether Any Driver Was Ever Paid Less Than Minimum Wage, Supports the Court's Decision. ........................... 14

V. Certification of Interlocutory Appeal Under 28 U.S.C. 1292(b) Is Inappropriate............ 15

   A. Plaintiffs Identify No "Question of Law.".................................................. 16

   B. Plaintiffs Identify No "Controlling" Question of Law. .................................. 19

   C. Plaintiffs Cannot Show that Any Alleged Question Is "Contestable."............... 20

   D. Plaintiffs Cannot Show that Any Alleged Question Would "Materially Advance the Litigation." .......................................................................................... 21

   E. Any Interlocutory Appeal Should Include Whether the Court Should Apply the *Swales* Approach to FLSA Collective Certification. ................................................ 22

CONCLUSION................................................................................................... 23

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adair v. Wis. Bell, Inc*.,
    No. 08-C-280, 2008 U.S. Dist. LEXIS 68942 (E.D. Wis. Sep. 11, 2008)..........................4, 18

*Ahmed v. Ashcroft*,
    388 F.3d 247 (7th Cir. 2004) ..................................................................................................2

*Ahrenholz v. Bd. of Trs. of Univ. of Ill*.,
    219 F.3d 674 (7th Cir. 2000) ............................................................................................16, 21

*Alvarez v. City of Chi*.,
    605 F.3d 445 (7th Cir. 2010) ..............................................................................................3, 17

*Amoroso v. Crescent Private Capital, L.P*.,
    No. 02 C 1453, 2003 U.S. Dist. LEXIS 21368 (N.D. Ill. Nov. 25, 2003).............................21

*Armstrong v. Wheels Assured Delivery Sys.*,
    No. 1:15-cv-00354, 2016 U.S. Dist. LEXIS 43851 (S.D. Ind. Mar. 30, 2016) .......................5

*Arunin v. Oasis Chi. Inc*.,
    No. 14 cv 6870, 2016 U.S. Dist. LEXIS 27682 (N.D. Ill. Mar. 4, 2016) ................................6

*Aspen Am. Ins. Co. v. Charmoli*,
    No. 23-cv-0610-bhl, 2023 U.S. Dist. LEXIS 122217 (E.D. Wis. July 17, 2023)...................21

*Barrett v. NorthShore Univ. Healthsystem*,
    No. 1:17-CV-09088, 2019 U.S. Dist. LEXIS 157219, 2019 WL 4412726
    (N.D. Ill. Sept. 16, 2019) ........................................................................................................8

*Basco v. Wal-Mart Stores, Inc*.,
    No. 00-3184, 2004 U.S. Dist. LEXIS 12441 (E.D. La. July 2, 2004) ......................................4

*Blair v. Equifax Check Servs., Inc*.,
    181 F.3d 832 (7th Cir. 1999) ................................................................................................15

*In re Brand Name Prescription Drugs Antitrust Litig.*,
    878 F. Supp. 1078 (N.D. Ill. 1995) ..................................................................................15, 20

*Bunyan v. Spectrum Brands, Inc*.,
    No. 07-CV-0089-MJR, 2008 U.S. Dist. LEXIS 59278 (S.D. Ill. July 31, 2008) ..............4, 17

*Caisse Nationale De Credit Agricole v. CBI Indus., Inc*.,
    90 F.3d 1264 (7th Cir. 1996) ..................................................................................................2

Case 1:20-cv-01049-WCG   Filed 11/28/23   Page 3 of 29   Document 157

*Carter v. Arise Virtual Sols.*,
No. 16-cv-6262, 2017 U.S. Dist. LEXIS 179092 (N.D. Ill. Feb. 14, 2017) ..........................16

*CMB Exp., LLC v. Atteberry*,
No. 4:13-cv-04051-SLD-JEH, 2017 U.S. Dist. LEXIS 98010 (C.D. Ill. June
26, 2017) ..................................................................................................................................17

*Coan v. Nightingale Home Healthcare, Inc.*,
No. 1:05-cv-0101-DFH-TAB, 2006 U.S. Dist. LEXIS 48193 (S.D. Ind. July
14, 2006) ..................................................................................................................................18

*Cotton-Thomas v. Volvo Grp. N. Am., LLC*,
20-cv-113, 2021 U.S. Dist. LEXIS 99752 (N.D. Miss. May 25, 2021) ...................................5

*Drew v. Shoe Show, Inc.*,
No. 10-cv-656-JPG-PMF, 2011 U.S. Dist. LEXIS 135180 (S.D. Ill. Nov. 22,
2011) ........................................................................................................................................19

*In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*,
662 F. Supp. 2d 1069 (N.D. Ind. 2009) ....................................................................................4

*Feit Elec. Co. v. CFL Techs., LLC*,
No. 13-cv-9339, 2021 U.S. Dist. LEXIS 168976 (N.D. Ill. Sep. 7, 2021) ............................17

*Fisons Ltd. v. United States*,
458 F.2d 1241 (7th Cir. 1972) ................................................................................................15

*Flores v. Lifeway Foods, Inc.*,
289 F. Supp. 2d 1042 (N.D. Ill. 2003) ......................................................................................5

*Flynn v. Exelon Corp.*,
No. 19 C 8209, 2022 U.S. Dist. LEXIS 15806 (N.D. Ill. Jan. 28, 2022)................................19

*Fosbinder-Bittorf v. SSM Health Care of Wis., Inc.*,
No. 11-cv-592, 2013 U.S. Dist. LEXIS 91617, 2013 WL 3287634 (W.D. Wis.
Mar. 21, 2013)............................................................................................................................3

*Fuller v. Jumpstar Enters., LLC*,
No. H-20-1027, 2021 U.S. Dist. LEXIS 232709 (S.D. Tex. Dec. 6, 2021)...............................5

*Hipp v. Liberty Nat. Life Ins. Co.*,
252 F.3d 1208 (11th Cir. 2001) ................................................................................................4

*Kisting v. Gregg Appliances, Inc.*,
No. 16-CV-141, 2017 U.S. Dist. LEXIS 835 (E.D. Wis. Jan. 4, 2017)...................................17

*McKnight v. United States Steel Corp.*,
726 F.2d 333 (7th Cir. 1984) ....................................................................................................2

*McMillan v. MBank Fort Worth, N.A.*,
 4 F.3d 362 (5th Cir. 1993) ................................................................................2

*Mendiola v. Howley*,
 No. 18 C 8536, 2021 U.S. Dist. LEXIS 133881 (N.D. Ill. July 19, 2021) ................................7

*Millings v. Transdev Servs., Inc.*,
 No. 20-CV-07711, 2023 U.S. Dist. LEXIS 180699 (N.D. Ill. Oct. 6, 2023)............................8

*Mooney v. Aramco Services Co.*,
 54 F.3d 1207 (5th Cir. 1995) .............................................................................18

*Nat'l Van Lines v. NLRB*,
 273 F.2d 402 (7th Cir. 1960) ...........................................................................6, 8

*Neff v. U.S. Xpress, Inc.*,
 No. 2:10-cv-948, 2013 U.S. Dist. LEXIS 158973 (S.D. Ohio Nov. 6, 2013) ............17, 18, 19

*O'Donnell v. Robert Half Intern., Inc.*,
 534 F. Supp.2d 173 (D. Mass. 2008) .....................................................................19

*Oto v. Metro. Life Ins. Co.*,
 224 F.3d 601 (7th Cir. 2000) ........................................................................2, 5, 6

*Piazza v. New Albertsons, LP*,
 No. 20-cv-03187, 2021 U.S. Dist. LEXIS 20573 (N.D. Ill. Feb. 3, 2021) .........................3, 17

*Powell v. Illinois*,
 No. 18 CV 6675, 2019 WL 10349404 (N.D. Ill. Nov. 5, 2019) ............................................15

*Pullen v. McDonald's Corp.*,
 No. 14-11081, 2015 U.S. Dist. LEXIS 107768 (E.D. Mich. Aug. 17, 2015)........................19

*Rothwell Cotton Co. v. Rosenthal & Co.*,
 827 F.2d 246 (7th Cir. 1987) ...............................................................................3

*Russell v. Delco Remy*,
 51 F.3d 746 (7th Cir. 1995) .................................................................................2

*Scott v. NOW Courier, Inc.*,
 No. 1:10-cv-971, 2012 U.S. Dist. LEXIS 43710 (S.D. Ind. Mar. 29, 2012) ........................5, 7

*Sec'y of Labor, United States Dep't of Labor v. Lauritzen*,
 835 F.2d 1529 (7th Cir. 1987) (Easterbrook, J., concurring)................................................4, 7

*Shah v. Zimmer Biomet Holdings, Inc.*,
 2019 U.S. Dist. LEXIS 27245, 2019 WL 762510 (N.D. Ind. 2019) ......................................21

iv

*Smith v. City of Chicago*,
    2003 U.S. Dist. LEXIS 179, 2003 WL 1989612 (N.D. Ill 2003) ...........................................20

*Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc.*,
    86 F.3d 656 (7th Cir 1996) ...........................................19

*Swales v. KLLM Transp. Servs., L.L.C.*,
    985 F.3d 430 (5th Cir. 2021) ...........................................4, 22

*Weil v. Metal Techs., Inc.*,
    925 F.3d 352 (7th Cir. 2019) ...........................................3, 17

*Zawlocki v. Partners Tap, Inc.*,
    No. 21 C 34, 2023 U.S. Dist. LEXIS 95466 (N.D. Ill. June 1, 2023)...........................................8

**Statutes**

28 U.S.C. 1292(b) ...........................................1, 15

28 U.S.C. § 1292(b) ...........................................15, 16, 17, 18, 19, 20, 21

29 U.S.C. § 216(b) ...........................................2

FLSA...........................................1, 3, 4, 5, 6, 14, 17, 18, 22

**Other Authorities**

Federal Rules of Civil Procedure Rule 60(b)...........................................2

Rule 216(b) ...........................................19

Defendants, Schneider National Inc., Schneider National Carriers, Inc. and Schneider Finance, Inc. (collectively, "Defendants"), by and through their attorneys, for their response in opposition to Plaintiffs, Eric R. Brant, Thomas Campbell and Brian Minor's (collectively, "Plaintiffs") Motion to Reconsider Order Denying FLSA Collective Action or, Alternatively, to Certify an Interlocutory Appeal (the "Motion to Reconsider"), state as follows:

## <u>INTRODUCTION</u>

Plaintiff Eric Brant ("Brant") persuaded the Seventh Circuit Court of Appeals to reverse this Court's dismissal of his Amended Complaint on the basis that economic reality, not contract language, determines employee status under the FLSA. Having eaten his cake, Brant now demands it back. He demands that the Court ignore economic reality and rely on contract language to conditionally certify an FLSA collective.

In Plaintiffs' world, the Court must focus on the common language contained in drivers' Owner-Operator Operating Agreements (OOOA)—unless that language provides drivers with economic freedom, in which case the Court must ignore the language and accept Plaintiff Brant's individualized allegations as representative of the entire collective. And, in Plaintiffs' world, the Court must conditionally certify an FLSA collective even if it is abundantly clear that drivers' economic realities cannot be determined collectively and decertification would be inevitable.

Plaintiffs' world is neither the one described by the Seventh Circuit in its August 3, 2022 Order and Mandate (the "Mandate") nor the one envisioned by controlling law. The Court's May 4, 2023 Order denying Brant's Motion for Conditional Certification (Dkt. #137) (the "Order") is consistent with the Mandate and correctly assesses both the OOOA language and drivers' alleged economic realities. The Court did not err and should not reconsider its Order.

Furthermore, the requirements for interlocutory appeal under 28 U.S.C. 1292(b) are not satisfied because Plaintiffs identify no question of law, much less a controlling or contestable

question of law and interlocutory appeal thus would not materially advance the litigation. The decision of how to manage a purported 29 U.S.C. § 216(b) collective action is a discretionary decision based on a factual record, inappropriate for interlocutory appeal.

## ARGUMENT

### I.   Motions to Reconsider Are Extraordinary and Rarely Granted.

Plaintiffs state that they move for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiffs' Motion to Reconsider (Dkt. #140) ("Pl. Br.") at 1. Rule 60(b) governs relief from a "final judgment, order, or proceeding." The Court's denial of conditional certification is not a "final" judgment or order, so Plaintiffs' stated basis for relief does not apply. Even if it did, Rule 60(b) is "an extraordinary remedy." *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995) (citing *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984)). The rule was designed to address mistakes "attributable to special circumstances" and "not merely to erroneous applications of law." *Id.* (citing *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993)).

More generally, motions for reconsideration are not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

Motions for reconsideration are usually denied. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("Contrary to this standard, Beverley's motions merely took umbrage with the court's ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly

rejected by the District Court.").  Plaintiffs do not cite a single case in which a motion for reconsideration was granted.  Plaintiffs cite *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), as authority for their motion but in that case "[b]oth parties agree[d] that in order to prevail on its motion to reconsider, Rothwell must first establish that it could not, through the exercise of due diligence, have presented the 'newly discovered evidence' to the district court before the decision on summary judgment was granted."  As Plaintiffs cite no newly-discovered evidence, *Rothwell* (in which the district court <u>denied</u> a motion for reconsideration) provides no support for Plaintiffs' Motion.

## II.   Treatment of a Proposed FLSA Collective Is a Factual Inquiry Committed to the Court's Discretion.

The decision to certify or not certify an FLSA collective involves a factual inquiry. Plaintiffs must make a "modest factual showing" and "the court evaluates the record before it, including [the defendant's] oppositional affidavits, to determine whether the plaintiffs are similarly situated to other putative class members." *Howard v. Securitas Sec. Servs.*, USA Inc., No. 08-cv-2746, 2009 U.S. Dist. LEXIS 3913, 2009 WL 140126, at *5 (N.D. Ill. Jan. 20, 2009). Plaintiffs must adduce evidence that the proposed collective action will "facilitate efficient resolution of common questions and common answers." *Fosbinder-Bittorf v. SSM Health Care of Wis., Inc.*, No. 11-cv-592, 2013 U.S. Dist. LEXIS 91617, 2013 WL 3287634, at *4 (W.D. Wis. Mar. 21, 2013).

This fact-bound inquiry is committed to the district court's sound discretion.  "A district court has wide discretion to manage collective actions." *Alvarez v. City of Chi.*, 605 F.3d 445, 449 (7th Cir. 2010)' *see Weil v. Metal Techs., Inc*., 925 F.3d 352, 357 (7th Cir. 2019) (district courts have "wide discretion" in how 216(b) cases should proceed) (citing *Piazza v. New Albertsons, LP*, No. 20-cv-03187, 2021 U.S. Dist. LEXIS 20573, at *13 (N.D. Ill. Feb. 3, 2021).  It is within the

sound discretion of the district court as to whether to certify a collective action. *Bunyan v. Spectrum Brands, Inc.*, No. 07-CV-0089-MJR, 2008 U.S. Dist. LEXIS 59278, at *5 (S.D. Ill. July 31, 2008) (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).

## III.   FLSA "Economic Realities" Collectives Almost Never Proceed to Trial.

As the Court observed, it would waste the resources of the Court and the Parties to grant conditional certification only to decertify the diverse collective later. Order at 3; *see also Adair v. Wis. Bell, Inc.*, No. 08-C-280, 2008 U.S. Dist. LEXIS 68942, at *9 (E.D. Wis. Sep. 11, 2008) ("[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class  members are not similarly situated."); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 U.S. Dist. LEXIS 12441, at *14 (E.D. La. July 2, 2004) ("To create a collective action class, including the cost associated with that when a Court is convinced that there is insufficient support for same prior to its certification would be an exercise in futility and wasted resources for all parties involved.").

The Court's concern about conserving judicial and party resources is particularly apt in a multi-factor economic realities case such as this one. Such cases are notoriously fact-specific, "ill-suited for collective treatment," and, therefore, almost never proceed to trial. *Sec'y of Labor, United States Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1542 (7th Cir. 1987) (Easterbrook, J., concurring); *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021) (noting that economic realities cases rarely make it to trial on a collective basis); *In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*, 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009) (denying motion for conditional certification under FLSA, noting that, under the economic realities test, "the court must take into consideration the actual history of the parties' relationship, necessitating an individualized examination of the multiple factors relating to each drivers' employment"). In

denying conditional certification, the Court simply joined a long list of district courts denying such motions where individualized issues predominate.[1]

## IV.  Consistent with the Seventh Circuit's Instruction, the Court Examined whether Economic Realities Could Be Shown on a Collective Basis.

Plaintiffs argue that the Court committed "manifest error" by "ignoring" or contradicting the Mandate in assorted ways.  Pl. Br. at 1.  A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Court committed no error, manifest or otherwise.

The Seventh Circuit found that Plaintiff Eric Brant's Amended Complaint plausibly stated a claim that he was an employee.  43 F.4th at 672 ("Brant alleges facts allowing the plausible inference that he was so controlled by and dependent on Schneider that he must be considered an employee as a matter of economic reality.").  The Seventh Circuit had no occasion to address whether Brant was similarly-situated in economic reality to a proposed collective of thousands of drivers or whether such drivers' economic realities were subject to common proof.

---

[1] *See Fuller v. Jumpstar Enters., LLC*, No. H-20-1027, 2021 U.S. Dist. LEXIS 232709, at *13-14 (S.D. Tex. Dec. 6, 2021) (denying conditional certification where drivers worked different hours and earned different weekly amounts throughout the collective period); *Cotton-Thomas v. Volvo Grp. N. Am., LLC*, 20-cv-113, 2021 U.S. Dist. LEXIS 99752, at *2 (N.D. Miss. May 25, 2021) (denying conditional certification where "each [collective-action] member would be required to testify as to their individual circumstances, including how often they worked"); *Armstrong v. Wheels Assured Delivery Sys.*, No. 1:15-cv-00354, 2016 U.S. Dist. LEXIS 43851, at *17 (S.D. Ind. Mar. 30, 2016) (denying conditional certification where "Ms. Armstrong's anecdotal evidence relating to only her own alleged underpayment is wholly insufficient to show that Employers had a common pay policy that allegedly violated the FLSA."); *Scott v. NOW Courier, Inc.*, No. 1:10-cv-971, 2012 U.S. Dist. LEXIS 43710, at *27-28 (S.D. Ind. Mar. 29, 2012) (denying conditional certification where "Plaintiffs cite the fact that all NOW drivers execute virtually identical agreements containing common terms relating to their job responsibilities and compensation. . . . they attempt to substantiate this claim by characterizing the common, shared job responsibility among all drivers as providing courier services to Defendant's customers on behalf of NOW. That is plainly true, but it hardly describes the varied ways in which NOW contracts both with its clients and its drivers to deliver those services."); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (denying conditional certification where "[i]t is the opinion of the Court that a demonstration of [the defendant's] payment practice concerning two out of fifty employees (four percent of Defendant's workforce) does not rise to the level of a common policy or plan by [the defendant] that violated the FLSA.")."

5

Plaintiffs now fault the Court for not giving determinative weight to various provisions of the OOOA. Plaintiffs' position is ironic because the Seventh Circuit stated "[i]f we looked only at the face of Brant's contracts with Schneider, we would agree with the district court that Brant could not be deemed an employee." 43 F.4th at 665 (emphasis added). At Plaintiffs' urging on appeal, the Seventh Circuit did not stop at the OOOA text because "in determining whether a person is an employee under the Act, what matters is the economic reality of the working relationship, not necessarily the terms of a written contract." *Id.* at 662. It is "well established" that "the terms of a contract do not control the employer-employee issue under the Act." *Id.* at 665 (emphasis added). Time and time again, the Seventh Circuit looked at OOOA language and then at *alleged* economic reality in assessing Brant's FLSA claim: "[t]he Operating Agreement provided . . . but according to Brant's allegations . . ." 43 F.4th at 666 (emphasis added); "[t]he Operating Agreement was also written to give Brant the ability to choose the route and schedule . . . But Brant alleges that . . ." (*id.* at 668) (emphasis added); "regardless of some of the nominal rights granted under the written contracts, Brant alleges that Schneider imposed detailed control . . ." (*id.*) (emphasis added). Reality, not contractual language alone, was the message of the Mandate.

### A. The Court Properly Considered Exercise of Control.

But Plaintiffs now argue that the right, not the reality, of control is determinative and the Court erred by considering reality in addition to OOOA language. Pl. Br. at 2. For this proposition, Plaintiffs cite a case from 1960 (*Nat'l Van Lines v. NLRB*, 273 F.2d 402, 405 (7th Cir. 1960)) and a district court case that expressly examined the exercise, not just the right, of control in analyzing employee status under the economic reality test (*Arunin v. Oasis Chi. Inc.*, No. 14 cv 6870, 2016 U.S. Dist. LEXIS 27682, at *11 (N.D. Ill. Mar. 4, 2016) (summary judgment ruling).

6

Plaintiffs are incorrect. The reality, not merely the right, of control is determinative. *Scott v. NOW Courier, Inc.*, No. 1:10-cv-971, 2012 U.S. Dist. LEXIS 43710, at *27-28 (S.D. Ind. Mar. 29, 2012) ("Plaintiffs cite the fact that all NOW drivers execute virtually identical agreements containing common terms relating to their job responsibilities and compensation. . . . they attempt to substantiate this claim by characterizing the common, shared job responsibility among all drivers as providing courier services to Defendant's customers on behalf of NOW. That is plainly true, but it hardly describes the varied ways in which NOW contracts both with its clients and its drivers to deliver those services."). Courts in this Circuit routinely consider actual exercise, or lack thereof, of control when evaluating employee status. *See, e.g.*, *Sec'y of Labor, United States Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1536 (7th Cir. 1987) ("In this case, the defendants did occasionally visit the families in the fields. The workers sometimes referred to Michael Lauritzen as the 'boss,' and some of them expressed a belief that he had the right to fire them. . . The defendants exercise pervasive control over the operation as a whole. We therefore agree with the district court that the defendants did not effectively relinquish control of the harvesting to the migrants."); *Mendiola v. Howley*, No. 18 C 8536, 2021 U.S. Dist. LEXIS 133881, at *11-12 (N.D. Ill. July 19, 2021) ("Plaintiffs received no training or instruction from Defendants and worked "basically unsupervised," and Mendiola sometimes recruited his friends to help him perform Galway jobs. . . . Furthermore, evidence adduced by Defendants shows that Plaintiffs could accept and reject projects as they wished and were free "to work for another contractor or on their own jobs" while doing work for Galway.").

Thus, the Court properly considered both the right to control under the OOOA and Schneider's control as a matter of reality. Order at 4-8. Plaintiffs' citation to *National Van Lines* compels no other conclusion. The court in *National Van Lines* was clear that the right of control

it addressed was the right to control "not only as to the result accomplished by the work, but also as to the details and means by which that result is accomplished." 273 F.2d at 405. Plaintiffs concede that the OOOA does <u>not</u> give Schneider the right to control the details of drivers' work. Pl. Br. at 7. Instead, Plaintiffs argue that a driver's control does not matter if it does not determine profitability, which is incorrect as explained below, but in any event does not change the fact that the Court properly considered theoretical and actual control.

### 1. The Court did not make merits determinations.

While courts do not make merits determinations at the conditional certification stage,[2] the Court is not only permitted but required to review the available factual record to determine whether collective treatment is advisable. *Millings v. Transdev Servs., Inc.*, No. 20-CV-07711, 2023 U.S. Dist. LEXIS 180699, at *15-16 (N.D. Ill. Oct. 6, 2023) ("At the conditional certification stage, the Court <u>must consider all evidence on the record</u> but should ultimately refrain from resolving factual disputes or making credibility determinations."); *Barrett v. NorthShore Univ. Healthsystem*, No. 1:17-CV-09088, 2019 U.S. Dist. LEXIS 157219, 2019 WL 4412726 at *4 (N.D. Ill. Sept. 16, 2019) ("Although the Court <u>must 'evaluate[ ] the record before it, including the defendant's oppositional affidavits,'</u>...it is inappropriate to evaluate parties' credibility or resolve factual disputes at this early stage.") (internal citation omitted).

Plaintiffs ask the Court to disregard until later, as alleged "merits" issues, a number of questions crucial to whether collective treatment is appropriate, including whether the freedoms Plaintiffs concede that drivers enjoyed contributed or did not contribute to their profitability (Pl. Br. at 8, 10), whether particular aspects of Schneider's right to control weigh in favor of employee status (*id.* at 10), and whether each driver relied on Schneider credit to such an extent that it

---

[2] *See, e.g.*, *Zawlocki v. Partners Tap, Inc.*, No. 21 C 34, 2023 U.S. Dist. LEXIS 95466, at *5 (N.D. Ill. June 1, 2023) (court does not conduct a merits inquiry at conditional certification).

indicates employee status (*id.*at 12). The Court did not resolve any of these issues on the merits; the Court simply observed that none of them are subject to collective proof. Order at 8. Plaintiff Brant alleged that he could not operate without Schneider's credit and that Schneider controlled the details of his work and controlled his profitability by offering unprofitable loads. Not only are these allegations now known to be false as to Brant, whether they are true or false as to any driver cannot be determined by reference to the OOOA. An individual, not collective, inquiry is required. The Court did not improperly resolve merits issues by recognizing this reality.

2. The Court properly addressed alleged control in the form of data collection.

Plaintiffs assert that the Court "ignored" the Seventh Circuit's finding regarding Schneider's right to gather operational data. Rather, it is Plaintiffs who ignore that mere collection of data, in of itself, is not tantamount to control. Plaintiffs misleadingly omit the salient sentence from the Mandate on this point; after describing Schneider's contractual right to gather data, the Seventh Circuit observed that "Brant alleges that Schneider did not permit him to drive over 70 miles per hour even when the posted speed limit was higher and that he was subject to discipline if he failed to comply. This allegedly high degree of scrutiny into the fine details of the driver's operations" weighed in favor of employee status. 43 F.4th at 667 (emphasis added); *cp.* Pl. Br. at 5. It was Brant's individualized allegation of control based on collected data, not mere collection of data, that the Seventh Circuit found plausibly suggested control.

Plaintiffs take particular umbrage with the Court's observation that "maintaining operational standards and policies to meet customers' demands, and monitoring driver speed, collisions, and hours of service out of concern for public safety are not control." Order at 7. In the context of the Order, Schneider believes the Court was referring to Schneider's contractual right to gather and monitor data (and Schneider's obligation to do so under applicable Department

of Transportation rules), which does not amount to control, and not to the individual alleged threat of termination to Brant himself based on operational data, which is an individualized inquiry not subject to collective proof.

Brant's allegation that he was threatened with termination is not only individualized, but also demonstrably false. While the Court did not have the benefit in its Order of Plaintiff Brant's testimony, that testimony is now available and the Court can and should consider it. Plaintiff Brant's testimony, as presented in detail in Schneider's recently-filed Amended Motion for Summary Judgment as to Plaintiff Eric Brant (Dkt. # 152-154), showcases the individualized inquiry involved in Plaintiffs' claims. Brant testified that he heard through "word of mouth" that he was not supposed to speed and got "scolded" a few times for speeding but did not suffer any consequences for speeding (Dkt. #154-1 at 140-45). Whether any driver was instructed or threatened with termination for speeding is not subject to collective proof.

### 3. The Court properly analyzed control over details of drivers' work.

Choice of loads. The Seventh Circuit observed that the OOOA reserved to Plaintiff Brant the opportunity to control his own profit and loss: "[i]n theory, under the Operating Agreement and Lease, Brant had the ability to modulate the kind and volume of his work with Schneider, and could even pick up additional work from other carriers to add to his income. Brant had the ability to choose which Schneider shipments to haul, and in theory could select more shipments with higher profit margins." 43 F.4th at 668-69. But the Seventh Circuit credited, at the motion to dismiss stage, Brant's individualized allegation that he "could not actually exercise the right to turn down shipments to select more profitable options." 43 F.4th at 668.

Plaintiffs contend that the freedom in the OOOA to choose or decline loads must be ignored because the Seventh Circuit stated that based on Brant's allegations at the motion to dismiss stage, "the single biggest determinant of [a driver's] profit for a workweek was not his managerial skill

but Schneider's choice of loads to offer him—or require him—to haul." 43 F.4th at 668-70, Pl. Br. at 7. Plaintiffs are mistaken and the Court did not err in considering the ample freedoms afforded by the OOOA for three reasons. First, Brant's allegation is not based in the OOOA; it is an individualized allegation. The Court was presented with evidence that choice of loads is not subject to collective proof. While Plaintiffs submitted declarations from drivers who claimed that they could not choose their loads, Schneider offered ample evidence of collective members who determined their profits by choosing from available loads and/or waiting for more desirable loads. *See* Defendants' Opposition to Motion for Conditional Certification, Dkt. 112-14 ¶ 24-25, 32-33, 36-37 (Dec. of L. Bethea); Dkt. #112-15 ¶¶ 36-38 (Dec. of C. Blackburn); Dkt. # 112-16 ¶¶ 30-32 (Dec. of M. Adams); Dkt. #112-17 ¶¶ 32-36 (Dec. of T. Sledge).

Second, Brant's allegation is false. Brant testified that he was responsible for his income because he could choose from among "thousands" of loads at Schneider. Dkt. #153 at 6. Brant would select freight based on loaded and empty miles, the load's weight, and the terrain involved in the route, and look for lighter loads that would consume less fuel. *Id.* at 5-6. He was free to select freight weeks ahead. *Id.* Brant chose his own freight, chose his own routes, and exercised complete freedom in the daily details of his work. *Id.* at 13-16. In Brant's words, "I was responsible for my income at Schneider, because I could pick myself." *Id.*

Third, Plaintiffs cite language from the Mandate addressing the "opportunity for profit and loss" factor of the economic realities test and erroneously apply it to the control factor. *Compare* 43 F.4th at 665-66 (addressing control factor) *with* 43 F.4th at 670 (addressing Brant's individualized allegations that he had no real opportunity for profit). Nothing in the Mandate says control only matters if it determines profit. Control and opportunity for profit or loss are distinct factors in the multi-factor test.

Hiring Help. The Seventh Circuit recognized that the OOOA reserved to Brant the right to hire help but found that at the motion to dismiss stage, Brant's allegations that "he was not able to take advantage of the ability to hire help because Schneider maintained total control over the number, nature, and profitability of the shipments offered" weighed against dismissal of his Complaint. 43 F.4th at 667. As Plaintiffs recognize, the merits question "is whether drivers could exercise the right as a practical matter." Pl. Br. at 9.

The Court correctly held that whether Brant, or any driver, was in fact "able to take advantage of the ability to hire help" is an individualized inquiry, not amenable to collective resolution. Order at 7-8. Contrary to Plaintiffs' suggestion, the Seventh Circuit's holding that certain other provisions of the OOOA "plausibly support the conclusion that it was not economically feasible for drivers to hire help" does not resolve the question of whether any driver actually did or could hire help or establish that all drivers are similarly situated in this regard. In any event, Brant chose from thousands of loads as established above and, contrary to his complaint allegations, never even investigated hiring help (Dkt. #153 at 17) so the Court should disregard his allegation that he was unable to do so. Schneider presented evidence of drivers who did hire help. Dkt. #112-18 ¶ 35.

Driving for Other Carriers. Plaintiffs assert that the Court erred by finding that drivers were free to drive for other carriers. Pl. Br. at 6. Whether any driver took advantage of the OOOA's freedom to drive for another carrier cannot be determined collectively; is an individualized inquiry, not amenable to collective resolution. The Seventh Circuit credited Brant's allegation that "despite the terms of the written contract allowing it, Schneider told him that it would not permit him to haul for other carriers." 43 F.4th at 669. Undoubtedly, whether any driver was told that he or she was not permitted to exercise a freedom guaranteed by the OOOA is not subject to collective proof.

While the Seventh Circuit noted that Schneider retained discretion to grant or deny requests to haul for other carriers, *id.*, whether and how that discretion was exercised is also an individualized issue. Furthermore, Plaintiff Brant took his Schneider-leased truck to drive for another carrier (Dkt. #153 at 18-19), and Schneider presented evidence that other drivers were permitted to drive for other carriers, (Dkt. #112-1 ¶ 41, Dkt. #112-2) so the Court should disregard Plaintiffs' contention that there is no evidence of any driver actually doing so.

Control Over Time Off. Plaintiffs concede that drivers are afforded the freedom to take whatever time off they want, whenever they want. Pl. Br. at 10. Plaintiffs contend that this freedom should be ignored because it does not "contribute to economic independence." *Id.* As noted above, control and opportunity for profit and loss are separate factors in the economic realities test and nothing in the Mandate says that control only matters when it directly determines profitability. Whether any driver's profitability was in fact affected by his or her decision to take or not take time off is not subject to collective proof.

The Court considered and weighed each of these various factors as part of the multi-factor economic realities test. While Plaintiffs disagree with the Court's conclusion, they can make no showing that the Court abused its discretion in its fact-bound analysis of the economic realities presented by the OOOA language and Plaintiff Brant's individual allegations.

### B. The Court Properly Considered that Investment and Spending Are Not Subject to Collective Proof.

The Seventh Circuit, at the motion to dismiss stage, credited Plaintiff Brant's allegation that "he had the means to engage in the freight-hauling business only because Schneider advanced a truck, equipment, and many other resources up front on Schneider's own credit." 43 F.4th at 671. Schneider has presented evidence of collective members who made business decisions to use Schneider's credit but were not dependent on that credit to operate. *See* Dkt. 112-14 ¶ 17 (Dec. of

L. Bethea); Dkt. #112-15 ¶ 11 (Dec. of C. Blackburn); Dkt. # 112-16 ¶¶ 10-11 (Dec. of M. Adams); Dkt. #112-17 ¶ 9 (Dec. of T. Sledge). This is an individualized inquiry unsuitable for collective treatment.

In light of the highly-individualized inquiry necessary to determine whether Brant or any driver was in fact an employee of Schneider, as highlighted in Brant's own deposition testimony, conditionally certifying a collective would be a wasteful exercise in futility.

### C.  Evidence of Other Individualized Issues, Including Whether Any Driver Was Ever Paid Less Than Minimum Wage, Supports the Court's Decision.

As the Seventh Circuit observed, to state a FLSA or WMWL claim, Plaintiff Brant needed not only to allege facts suggesting that he was an employee as a matter of economic reality but also facts suggesting he was paid less than minimum wage for at least one work week. 43 F.4th at 664. Plaintiffs' concession that their own declarants "appear to have made good money" in this minimum wage case is, therefore, remarkable. Pl. Br. at 8. More importantly, the question of whether drivers ever received less than minimum wage cannot be determined collectively and provides another reason why conditional certification was properly denied.

Plaintiffs presented the Court with zero evidence that the collective members are similarly situated in terms of receiving less than minimum wage. *See* Dkt. #112 at 27-31. Plaintiff Brant and a few declarants alleged in conclusory fashion, with no facts, that in some weeks they received negative settlements. They did not allege personal – or any – knowledge that any member of the collective besides themselves received a negative settlement or less than minimum wage. *Id.*

Although the Order did not specifically address the individualized nature of the minimum wage inquiry, the Court properly declined to credit Plaintiffs' bare speculation that drivers ever received less than minimum wage. Drivers are paid by the load – not the hour. Dkt. #112-1 ¶¶ 34-35. To determine whether drivers received less than minimum wage, the Court would analyze

14

each collective member's payment and hours on a week-by-week basis to assess liability, including an analysis of each and every deduction to determine whether it could be credited as wages. *See* Dkt. #112 at 29-31. The Court would then individually scrutinize each driver's hours of service to compute compensable time. *See id*. Such an analysis would be individualized and informed by no common proof. For this additional reason, conditional certification was inappropriate.[3]

## V.  Certification of Interlocutory Appeal Under 28 U.S.C. 1292(b) Is Inappropriate.

Interlocutory appeals are "disfavored in the federal system." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). As a general rule, "permission to take an interlocutory appeal should be granted sparingly and with discrimination." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (citation omitted). "Certification is the exception and not the rule." *Id*. The party seeking an interlocutory appeal has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Powell v. Illinois*, No. 18 CV 6675, 2019 WL 10349404, at *1 (N.D. Ill. Nov. 5, 2019) (citing *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

A district court may only certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Seventh Circuit has explained, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a

---

[3] In *Espenscheid v. DirectSat USA, LLC*, the Seventh Circuit affirmed decertification where calculating damages would, "it turns out, require 2341 separate evidentiary hearings, which might swamp the Western District of Wisconsin with its two district judges." 705 F.3d 770, 773 (7th Cir. 2013). This was so because the members of the collective were paid on a piece-rate basis and did not work regular hours. *Id*. In the end, the court declined certification, in part because there was no "genuinely representative evidence." *Id*. at 775.

15

question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Each factor is mandatory: "[u]nless all these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal." *Id*. at 676.

Here, an interlocutory appeal is not appropriate because there is no question of law, if there were it would not be "controlling" or "contestable," and it would not materially advance the ultimate determination of the litigation.

### A.    Plaintiffs Identify No "Question of Law."

First, Plaintiffs identify no question of law. Plaintiffs contend that every aspect of the Court's opinion with which they disagree represents a "question of law" as to whether the Court properly followed the Seventh Circuit's guidance, but this is not what a "question of law" means in the context of 29 U.S.C. § 1292(b).  Rather, "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. "Question of law" is referred to "in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id*. at 676-77. The idea behind § 1292(b) is "that if a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id*. at 677. The Seventh Circuit has instructed that a "question of law" under § 1292(b) means an "abstract legal issue rather than an issue of whether summary judgment should be granted." *Id*.

"Discretionary decisions are extremely poor candidates for § 1292(b) certification because they rarely involve a controlling question of law."  *Carter v. Arise Virtual Sols.*, No. 16-cv-6262,

2017 U.S. Dist. LEXIS 179092, at *3 (N.D. Ill. Feb. 14, 2017) (quoting *Whitmore v. Symons Int'l Grp.*, Inc., No. 1:09-cv-391-RLY-TAB, 2012 U.S. Dist. LEXIS 113566, 2012 WL 3308990, at *2 (S.D. Ind. Aug. 13, 2012)). It is well-established that management of a proposed 216(b) collective action is a discretionary decision. *Alvarez*, 605 F.3d at 449; *Weil*, 925 F.3d at 357; *Piazza*, 2021 U.S. Dist. LEXIS 20573, at *13; *Bunyan*, 2008 U.S. Dist. LEXIS 59278, at *5.

If the reviewing court would be required to delve into the factual record, no "question of law" is presented. *Kisting v. Gregg Appliances, Inc.*, No. 16-CV-141, 2017 U.S. Dist. LEXIS 835, at *4-5 (E.D. Wis. Jan. 4, 2017) ("I do not find that the court of appeals could 'quickly and cleanly' decide the issue without delving into the record. As such, Kisting has not shown that the issue presents a question of law as contemplated by § 1292(b)."); *see also Feit Elec. Co. v. CFL Techs., LLC*, No. 13-cv-9339, 2021 U.S. Dist. LEXIS 168976, at *6 (N.D. Ill. Sep. 7, 2021) ("Feit's second "question of law" is not suitable for interlocutory appeal because Feit is merely disagreeing with the Court's application of the *Therasense* standard to the facts of this case."); *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2017 U.S. Dist. LEXIS 98010, at *8-9 (C.D. Ill. June 26, 2017) ("There is no question about what the rule means; just about its application here, with which CMB of course disagrees."); *Neff v. U.S. Xpress, Inc.*, No. 2:10-cv-948, 2013 U.S. Dist. LEXIS 158973, at *10 (S.D. Ohio Nov. 6, 2013) (denying motion for certification under 1292(b) of denial of conditional certification where "In form, Plaintiff's proposed issue to certify is a legal issue, but in substance Plaintiff seeks a determination that the Court's order was issued in error, and constituted an abuse of discretion, considering the evidence that has been submitted.").

The Court applied the two-step *Lusardi* approach to FLSA collective certification advocated by Plaintiffs. Plaintiffs' dissatisfaction with the Court's application of this standard does not present a "question of law" because it would require the Seventh Circuit to delve into the

factual record to apply the *Lusardi* standard and determine whether the Court abused its discretion in its assessment of the factual record. The standard itself is whether Plaintiffs made a "modest factual showing" that the proposed collective is similarly-situated.[4] On its face, then, review of the Order requires review of the factual record presented, and poses no pure question of law. In fact, decisions about the scope of collective actions under the FLSA "are about as far from a pure question of law as one is likely to find;" they are "discretionary judgments about how best to join parties and claims for trial. Such decisions are exceptionally poor candidates for § 1292(b) certification." *Coan v. Nightingale Home Healthcare, Inc*., No. 1:05-cv-0101-DFH-TAB, 2006 U.S. Dist. LEXIS 48193, at *7-8 (S.D. Ind. July 14, 2006) (citing *Mooney v. Aramco Services Co*., 54 F.3d 1207, 1212-13 (5th Cir. 1995)).

While Plaintiffs purport to identify "questions of law," the questions themselves reveal their dependence on the factual record: "whether the Order improperly focuses on Schneider's exercise of control rather than its right to control," "whether it is proper to focus on how individual drivers exercise the rights afforded by the OOOA rather than focusing on whether those common rights actually provide drivers with an opportunity to profit from their managerial skill," and "whether it is proper to focus on the amounts that individual driver's [sic] invest in tools and equipment rather than on whether they rely on Schneider's credit for those investments." Pl. Br. at 14-15. These are questions about the Court's evaluation of facts, not questions of law. *See Neff*, 2013 U.S. Dist. LEXIS 158973, at *10 (where proposed question of law was "appellate court review[] [of] whether the trial court's limited conditional certification was proper under the given

---

[4] *See Adair v. Wis. Bell, Inc*., No. 08-C-280, 2008 U.S. Dist. LEXIS 68942, at *9 (E.D. Wis. Sep. 11, 2008) (plaintiff required to make "a modest factual showing that certification is appropriate," otherwise conditional certification would waste the Court's and litigants time and resources).

circumstances," no question of law was presented because appellate court would have to "delve into the facts of the case" to determine whether court abused its discretion).

### B. Plaintiffs Identify No "Controlling" Question of Law.

A question of law is "controlling" "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc*., 86 F.3d 656, 659 (7th Cir 1996). Denial of conditional certification under Rule 216(b) is not "controlling" because conditional certification relates to procedure only, and the case continues as to the named plaintiffs. *See Flynn v. Exelon Corp*., No. 19 C 8209, 2022 U.S. Dist. LEXIS 15806, at *10 (N.D. Ill. Jan. 28, 2022) ("Even under Defendants' best argument [for 1292(b) certification], however, only a minor question as to one part of the overarching litigation — namely, class certification — would potentially be resolved."); *Pullen v. McDonald's Corp*., No. 14-11081, 2015 U.S. Dist. LEXIS 107768, at *4-5 (E.D. Mich. Aug. 17, 2015) ("Regardless of any decision by the appellate court in this case at this point, it would not end the litigation, as the named plaintiffs still will proceed on the merits of their cases. Therefore, Plaintiffs have failed to present an issue of controlling law."); *Neff*, 2013 U.S. Dist. LEXIS 158973, at *8 (denial of nationwide conditional certification did not present a controlling question of law); *Drew v. Shoe Show, Inc*., No. 10-cv-656-JPG-PMF, 2011 U.S. Dist. LEXIS 135180, at *6 (S.D. Ill. Nov. 22, 2011) (denying certification of section 1292(b) review of denial of conditional certification where plaintiff "simply disagrees with the way the Court has applied what it agrees is the law to the facts of this case. Moreover, even if the Court of Appeals were to resolve the questions of law Drew wants to present on appeal in Drew's favor, that decision would not control or expedite the outcome of the case."); *O'Donnell v. Robert Half Intern., Inc*., 534 F. Supp.2d 173, 181 (D. Mass. 2008) ("Appeal of a denial for conditional certification will not materially advance the resolution

of the litigation nor does the order denying conditional certification involve a controlling question of law.").

The Order presents no "controlling" question of law because, first, conditional certification would be subject to revisitation and decertification later, so the end result will potentially be the same after a large waste of the Court's and litigants' time and resources. Second, the three named Plaintiffs can prosecute their claims while the drivers who have filed consents to sue may pursue relief in their own cases should they choose to do so. Accordingly, Plaintiffs' claims that resolution of conditional certification "will have a profound impact both on the evidence that will be admitted at trial and on the proper instructions for the jury" is incorrect. The outcome of conditional certification will have no effect on evidentiary issues, jury instructions or any other aspect of Plaintiffs' individual claims.

**C.     Plaintiffs Cannot Show that Any Alleged Question Is "Contestable."**

Plaintiffs argue in a single sentence that the supposed legal issues are "contestable." But they do not so much as cite the governing legal principles for this element.

An issue is contestable within the meaning of § 1292(b) if there is a "difficult central question of law which is not settled by controlling authority," and a "substantial likelihood" exists that the district court's ruling will be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). A question of law is "contestable" if there are (1) substantial conflicting decisions regarding the claimed controlling issue of law or (2) the question is not settled by controlling authority and there is a "substantial likelihood" that the district court ruling will be reversed on appeal. *Smith v. City of Chicago*,2003 U.S. Dist. LEXIS 179, 2003 WL 1989612, *1 (N.D. Ill 2003).

Plaintiffs merely reiterate their disagreement with the Court and make no effort to explain how the Court's Order presents any "contestable" question of law. They cite no "substantial

conflicting decisions" or any evidence of a "substantial likelihood" that the Seventh Circuit would disagree with the Court's review of the factual record. Indeed, as discussed above, in deciding conditional certification, the Court diligently applied the "economic realities" test that the Seventh Circuit articulated in this case. There is little reason to expect that the Seventh Circuit would upset a discretionary ruling which followed its own standard and there are certainly no decisions reflecting a "substantial conflict" as to whether collectives of truck drivers asserting minimum wage violations ought to be certified. Thus, Plaintiffs identify no "contestable" question of law. *See Aspen Am. Ins. Co. v. Charmoli*, No. 23-cv-0610-bhl, 2023 U.S. Dist. LEXIS 122217, at *12 (E.D. Wis. July 17, 2023) ("Such thorough, well-supported analysis is unlikely to be upset on appeal, even in the absence of relevant precedent. Aspen has supplied no reason to think otherwise. As a result, the Court finds no substantial ground for difference of opinion here."); *Shah v. Zimmer Biomet Holdings, Inc*., 2019 U.S. Dist. LEXIS 27245, 2019 WL 762510, at *8 (N.D. Ind. 2019) ("Certification pursuant to Section 1292(b) was not intended to cover every legal issue in which there is not binding precedent or let alone every legal issue as to which reasonable minds could differ."); *Amoroso v. Crescent Private Capital, L.P*., No. 02 C 1453, 2003 U.S. Dist. LEXIS 21368, at *8 (N.D. Ill. Nov. 25, 2003) ("[I]nterlocutory appeals should not be allowed merely to provide a review of difficult rulings in "close call" cases").

### D. Plaintiffs Cannot Show that Any Alleged Question Would "Materially Advance the Litigation."

The fourth statutory criterion under § 1292(b) is that resolution of the question of law "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Ahrenholz,* 219 F.3d at 675. An interlocutory appeal here would have the opposite effect and delay the ultimate termination of the litigation. As it stands, the Plaintiffs may proceed with their claims against Schneider and other drivers who wish to pursue claims may file them. An interlocutory

appeal would delay the resolution of all claims and, in the unlikely event that a collective were to be conditionally certified, resolution of the Named Plaintiffs' claims would be significantly delayed as the Parties engage in collective discovery and a decertification motion.

    **E.    Any Interlocutory Appeal Should Include Whether the Court Should Apply the *Swales* Approach to FLSA Collective Certification.**

Interlocutory appeal under 1292(b) is unavailable here for the reasons shown above. If, however, the Court were inclined to certify an interlocutory appeal, Schneider respectfully requests that the Court also certify the question of whether the Court should have applied the FLSA certification process articulated by the Fifth Circuit Court of Appeals in *Swales v. KLLM Transportation Services, LLC*, 985 F.3d 430 (5th Cir. 2021). The Court declined Schneider's invitation to apply *Swales*, noting (correctly) that *Swales* was not binding on the Court and that other courts had declined to follow *Swales*. Order at 4-5. But the proper standard for FLSA collective certification is a pure question of law, controlling in this case, and subject to opposing opinions among district and appellate courts, as outlined in Schneider's Opposition to Plaintiffs' Motion for Conditional Certification. Dkt. # 112 at 13-14. Thus, any interlocutory appeal should ask the Seventh Circuit, first, to consider this important legal issue.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety.

Dated: November 28, 2023

/s/ *David D. Leishman*
Joel H. Spitz
State Bar No. 1001301 (IL)
jspitz@mcguirewoods.com
Michael R. Phillips
State Bar No. 06225845 (IL)
mphillips@mcguirewoods.com
David D. Leishman
State Bar No. 6307957 (IL)
dleishman@mcguirewoods.com
MCGUIREWOODS LLP
77 West Wacker Drive, 41st Floor
Chicago, IL 60601
T: (312) 849-8100
F: (312) 849-3690

Attorneys for Defendants