UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC R. BRANT, THOMAS CAMPBELL, and
BRIAN MINOR, individually and on behalf of
all other similarly situated persons,

          Plaintiffs,

          v.          Case No. 20-C-1049

SCHNEIDER NATIONAL INC., et al.,

          Defendants.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION AND CERTIFICATION OF INTERLOCUTORY APPEAL

Plaintiffs Eric Brant, Thomas Campbell, and Brian Minor brought this action against Defendants Schneider National, Inc., Schneider National Carriers, Inc., Schneider Finance, Inc., and Doe Defendants 1–10, seeking redress for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Truth in Leasing Act (TILA), 49 U.S.C. § 14704, and Wisconsin state law. Plaintiffs moved for conditional certification of an FLSA collective action and for issuance of a notice. Dkt. No. 104. The court denied Plaintiffs' motion, concluding that the nature of their claim is not amenable to efficient resolution on a collective basis. Dkt. No. 137. This matter comes before the court on Plaintiffs' motion to reconsider the court's order denying Plaintiffs' motion for conditional certification pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 140. For the following reasons, Plaintiffs' motion for reconsideration or certification of an interlocutory appeal will be denied.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a motion for reconsideration is to enable a district court to correct its own errors, thereby avoiding unnecessary appellate procedures. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

Plaintiffs argue that the court's order denying conditional certification is inconsistent with *Brant v. Schneider National, Inc.*, 43 F.4th 656 (7th Cir. 2022). They also assert that the court misapplied the factors governing employee status and mischaracterized the role that the Owner-Operator Operating Agreement (OOOA) played in determining that the putative class members were not similarly situated. Plaintiffs further argue that the court erred by making merits determinations that should be made on a full record following the close of discovery.

After giving consideration to Plaintiffs' arguments, the court concludes that there is no factual or legal basis to find that the court's May 4, 2023 decision denying Plaintiffs' motion for conditional certification was in error. As the court explained in its decision, the court did not apply

2

Case 1:20-cv-01049-WCG    Filed 01/19/24    Page 2 of 3    Document 161

the economic realities test to determine whether Defendants improperly classified workers as independent contractors. Instead, the court concluded that the case-specific nature of the legal question regarding the economic realities test could not be applied on a class-wide basis, which was not inconsistent with the Seventh Circuit's decision in *Brant*. Accordingly, Plaintiffs' motion for reconsideration is denied.

Plaintiffs alternatively request that the court certify its order denying conditional certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Here, an interlocutory appeal would not "materially advance the ultimate termination of the litigation" and would only delay the resolution of Plaintiffs' claims. 28 U.S.C. § 1292(b). Thus, the court declines to certify its order for interlocutory appeal.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to reconsider or, in the alternative, to certify an interlocutory appeal (Dkt. No. 140) is **DENIED**.

Dated at Green Bay, Wisconsin this 19th day of January, 2024.

                                                                                        s/ William C. Griesbach
                                                                                        William C. Griesbach
                                                                                        United States District Judge