UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC R. BRANT, individually and
on behalf of all other similarly situated persons,

        Plaintiffs,

        v.                                                    Case No. 20-C-1049

SCHNEIDER NATIONAL INC., et al.,

        Defendants.

---

## ORDER

---

       This matter is currently before the court on Plaintiffs' motion to restrict certain documents (Dkt. No. 190) and Defendants' motion to restrict certain documents (Dkt. No. 197). Specifically, Plaintiffs request "to file part of Plaintiffs' Memorandum of Law in Response To Defendants' Second Amended Motion For Summary Judgment, Plaintiffs' Responses To Defendants' Statement Of Undisputed Material Facts In Support Of Defendants' Second Amended Motion For Summary Judgment And Plaintiffs' Statement Of Additional Facts, and various other supporting documents under seal pursuant to General Local Rule 79(d)(3) and the Parties' Court-approved Protective Order." Dkt. No. 190 at 1. Defendants' request "to file Defendants' Responses to Plaintiffs' Statement Of Additional Facts (the "Response"), under seal pursuant to General Local Rule 79(d)(3) and the Parties' Court approved Protective Order." Dkt. No. 197 at 1.

       First, as a matter of clarification, in this district, a "sealed" document is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the court. A document "restricted to case participants" allows all attorneys of record to view the document but not the general public. *See E-Filing Restricted and Sealed Documents*,

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN, *available at* https://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents (last visited October 2, 2024). Upon review, the Parties' motions appear to seek protection from public disclosure, rather than request that the documents only be viewed by the judge.

Under Federal Rule of Civil Procedure 5.2(e), the court may, for good cause, restrict access to court filings. The mere fact that the parties agreed to file a document as restricted, however, is not sufficient to establish the good cause necessary to maintain such filings as restricted. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public. Here, both Plaintiffs and Defendants have done little more than indicate to the court that the documents they wish to restrict have been deemed confidential under their protective order, and that they have agreed amongst themselves the documents should be restricted. This is not a showing of good cause.

Therefore, Plaintiffs' motion and Defendants' motion are denied without prejudice. The documents subject to the Parties' respective motions will remain restricted for now. The Parties are directed to Local Rule 79(d)(3): "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court;" as well as the associated Committee Comment: "The standard for showing good cause is quite high, and there is no guaranty that material

designated confidential will remain under seal." The Parties are further directed to *Union Oil Company of California v. Leavell* and its progeny. 220 F.3d at 567 ("Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006). **The court will allow the Parties thirty (30) days to renew their respective motions and make an adequate showing of good cause**. Should either fail, their motion will be denied with prejudice and the pertinent documents will be unrestricted.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to restrict (Dkt. No. 190) and Defendants' motion to restrict (Dkt. No. 197) are **DENIED** without prejudice.

Dated at Green Bay, Wisconsin this 3rd day of October, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge